04.287307

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO: AMGUARD INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES** filed on **May 04, 2017,** a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office. Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed **on May 04, 2017.** It bears cause number **17-DCV-241550** and is styled:

**SOLAIJA ENTERPRISES LLC D/B/A TG'S CRAVINGS V. AMGUARD INSURANCE COMPANY AND RONNIE PATEL INDIVIDUALLY AND D/B/A INSURANCE SOLUTIONS OF AMERICA**

The name and address of the attorney for **PLAINTIFF** is:

**STEPHANIE M DO
PATOUT & SHAW PLLC
3701 KIRBY DRIVE SUITE 740
HOUSTON TX 77098
713-893-0564**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 9th day of May, 2017.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: Nereyda Flores
Deputy District Clerk NEREYDA FLORES
Telephone: (281) 633-7613

SERVICE

17-DCV-241550                              434th Judicial District Court
**Solaija Enterprises LLC d/b/a TG's Cravings v. Amguard Insurance Company and Ronnie Patel Individually and d/b/a Insurance Solutions of America**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.

Executed at _____, within the County of __ _____, at _____o'clock ___M* on the _____ day of _ _____, 20__, by delivering to the within named _____ _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____
(Street, City, Zip)

_____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the day of _____.

4/13/18
_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
5/4/2017 11:29:54 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. 17-DCV-241550

| | | |
|---|---|---|
| SOLAIJA ENTERPRISES LLC D/B/A TG'S CRAVINGS, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | Fort Bend County - 434th Judicial District Court |
| v. | § § § | _____ JUDICIAL DISTRICT |
| AMGUARD INSURANCE COMPANY AND RONNIE PATEL INDIVIDUALLY AND D/B/A INSURANCE SOLUTIONS OF AMERICA, | § § § § § | |
| Defendants. | § § | FORT BEND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Solaija Enterprises LLC d/b/a TG's Cravings, and files this it Original Petition and Request for Disclosures against Defendants, Guard Insurance Company and Ronnie Patel, individually and d/b/a Insurance Solutions of America, and in support thereof would respectfully show the Court the following:

### I.
### DISCOVERY

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff, Solaija Enterprises LLC d/b/a TG's Cravings ("Plaintiff" and/or "Solaija") is a domestic limited liability company who maintains a principal place of business in Harris County, Texas.

3.     Defendant, AmGUARD Insurance Company ("AmGuard") is a foreign insurance company who maintains a registered agent in the State of Texas, who can be served with process at the following address:

**CT Corporation System**
**1999 Bran Street Suite 900**
**Dallas, Texas 75201**

4.     Defendant, Ronnie Patel individually and d/b/a Insurance Solutions of America ("Patel") is an individual who resides or can otherwise be found at 12603 Southwest Freeway, Suite 100, Stafford, Texas 77477, and can be served with process at the aforementioned address or wherever he may be found.

### III.
### JURISDICTION AND VENUE

5.     This Court has jurisdiction over the parties and claims because Defendants are residents of the State of Texas and/or are incorporated under the laws of Texas, and the amount in controversy comports with the jurisdictional limitations of the Court.

6.     Venue is proper in this Court because a substantial part of the acts and/or omissions giving rise to Plaintiff's claims occurred in Sugar Land, Fort Bend County, Texas.

7.     Plaintiff at this time seek monetary relief of more than two hundred thousand dollars ($200,000.00) but less than one million dollars ($1,000,000.00). This statement is made solely for the purpose of providing information on the nature of the case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

### IV.
### FACTUAL BACKGROUND

8.     On February 2, 2016, AmGuard issued an insurance policy to Solaija, Policy No. SOBP700073 (the "Policy"), to provide insurance coverage on a restaurant Solaija was operating

called TG's Cravings located at 16338 Kensington Drive, Suite 160, Sugar Land, Texas 77479 (the "Property").

9. The Policy, issued by AmGuard, was sold to Solaija by and through AmGuard's agent, Patel. As part of the consideration for the Policy, Solaija was to pay premiums to Defendants to maintain coverage.

10. Solaija relied on numerous representations, both oral and written, that the Policy would cover business personal property, tenant improvements, business income and expenses, glass expense, fungi wet rot, and mold contamination, as well as other coverages. The Policy was meant to be a "total coverage" policy, so that in the event a catastrophic event occurred, Solaija would have coverage to protect its business and everything in the business, including food, equipment, and lost income.

11. Based on these representations, Solaija entered into the Policy, for which the policy period was from February 1, 2016 to February 1, 2017 (the "Policy Period").

12. On the morning of April 18, 2016, during the Policy Period, the Property suffered a catastrophic roofing failure, which caused the roof to collapse inward into the business units, including TG's Cravings (the "Incident"). The building was closed by the City of Sugar Land due to the extremely dangerous conditions caused by the roof collapse, and Solaija was not able to operate TG's Cravings. Solaija immediately notified Defendants of the claim, and over the course of the following two weeks, provided a significant amount of information, documentation, and evidence to support the claim. Solaija cooperated with and participated in providing Defendants any information they needed.

13. AmGuard assigned a claims adjuster, John-Kevin Krajewski (the "Initial Adjuster"), to open a claim and investigate the Incident. AmGuard assigned a claim number,

SOBP700073-001-001-001, and communicated with Solaija to provide additional documents, which it did.

14. After providing the requested documents and information, Solaija did not hear from AmGuard or the Initial Adjuster for months, despite Solaija making written requests for updates on the claim via e-mail. Other than the odd e-mail correspondence from the Initial Adjuster saying it is still being investigated, AmGuard did not send any other correspondence and/or communication to Solaija from the end of April, 2016, until the end of July, 2016.

15. Near the end of May, 2016, Solaija received a check from AmGuard in the amount of five thousand six hundred twenty dollars seventy-two cents ($5,620.72). There was no clear indication as to what the check was for, what AmGuard's findings were regarding coverage, and/or what coverage this amount applied to. On the perforated paper attached to the check was the statement "Payment Type: Full and Final Settlement Coverage: Restaurant Coverage." There was no additional letter, correspondence, or communication included with the check.

16. When Solaija inquired to AmGuard regarding the check, it was advised by the Initial Adjuster that this amount was only to cover lost inventory, meaning the food that had spoiled as a result of the roof collapse. Despite this representation, the check clearly stated that it was for full and final satisfaction of restaurant coverage. Given this apparent attempt to trap Solaija into an "accord and satisfaction" argument, Solaija refused to cash the check and returned it to AmGuard.

17. All throughout this time, Solaija was unable to operate TG's Cravings because it did not have any insurance proceeds, revenue, and/or capital to purchase new equipment, replace its inventory, and/or make repairs necessary to reopen the business.

18. After three months of complete inaction by AmGuard, on or about July 25, 2016, an accountant (the "Accountant") on behalf of AmGuard contacted Solaija to begin investigating Solaija's claims for lost revenue due to the incident. Solaija complied with all of the Accountant's requests for documents.

19. Each time Solaija would provide documentation and support for its claims, the Accountant would review the information, and a few weeks later reply with more questions and requests for more documents. This process continued from September, 2016 through November, 2016. Meanwhile, there was no further communication or correspondence from the Initial Adjuster or AmGuard.

20. Over seven (7) months passed, and AmGuard did not act on the Policy or the Incident. On or about December 2, 2016, Solaija was finally contacted by a local adjuster, Brian Cox (the "Local Adjuster") who wanted to conduct an inspection of the Property to determine the cause of the roof failure and take an inventory of lost equipment.

21. By the time Solaija was contacted by the Local Adjuster, the lease agreement between Solaija and the Property owner had terminated since Solaija had no funds to reopen TG's Cravings; thus Solaija no longer had access to the Property. Solaija advised AmGuard of this shortly after being contacted by the Local Adjuster.

22. In December, 2016, Solaija sent Defendants notice and presentment of its claims, and demanded that the issue be immediately remedied. Despite this, Defendants provided no response or communication whatsoever.

23. To date, Defendants have failed to make any determination of coverage under the Policy, never requested an extension under Texas law, and/or otherwise provided Solaija with the coverage agreed to and paid for.

## V.
## CAUSES OF ACTION

**A. VIOLATION OF CHAPTER 541 OF THE TEXAS INSURANCE CODE.**

24. The above paragraphs are incorporated herein by reference as if set forth in full.

25. Defendants' conduct and omissions as stated herein constitute violations of Chapter 541 of the TEXAS INSURANCE CODE.

26. Specifically, Defendants violated Section 541.051 of the TEXAS INSURANCE CODE by making statements which misrepresented the terms, benefits, and/or advantages promised by the Policy that Defendants issued to Plaintiff.

27. Furthermore, Defendants violated Section 541.060 of the TEXAS INSURANCE CODE by: (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; (4) failing within a reasonable time to affirm or deny coverage of a claim, and/or submit a reservation of rights; (5) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made; and (6) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

28. Defendants also violated Section 541.061 of the TEXAS INSURANCE CODE by making an untrue statement of material fact, failing to state a material fact necessary to make other statements made not misleading, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

29. As a result of Defendants' actions, Plaintiff has suffered actual damages, both general and specific, as detailed below.

30. Plaintiff brings this action pursuant to Chapter 541 of the TEXAS INSURANCE CODE to recover actual damages, court costs, reasonable attorney's fees. *See* TEX. INS. CODE §§ 541.151; 541.152(a).

31. Furthermore, Defendants' actions were committed knowingly, entitling Plaintiff to recover additional damages up to three times the amount of actual damages sustained. *See* TEX. INS. CODE §541.152(b).

**B.  VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE.**

32. The above paragraphs are incorporated herein by reference as if set forth in full.

33. Defendants' conduct and omissions as stated herein constitute violations of Chapter 542 of the TEXAS INSURANCE CODE.

34. Defendants violated Section 542.003 of the TEXAS INSURANCE CODE by (1) knowingly misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverage; (2) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies; and (3) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear.

35. Defendants violated Section 542.055(a)(2) of the TEXAS INSURANCE CODE by failing to commence any investigation of the claim by the fifteenth (15th) day after receipt of notice of claim.

36. Furthermore, Defendants violated Section 542.056(a) of the TEXAS INSURANCE CODE by failing to notify in writing the acceptance or rejection of Plaintiff's claim by the fifteenth (15th) day after Defendants received items, statements, and forms required to secure

proof of loss. Defendants also violated Section 542.056(d) of the TEXAS INSURANCE CODE when they failed to notify Plaintiff of the reasons why Defendants needed more time to investigate the claims within the timeframe allotted under Texas law. Defendants also violated the same section when, by not notifying Plaintiff as stated, they failed to accept or reject the claim within forty-five (45) days thereafter.

37. Defendants violated Section 542.058(a) of the TEXAS INSURANCE CODE by delaying payment of the claim for more than sixty (60) days and/or within the period specified by other applicable statutes.

38. As a result of Defendants' actions, Plaintiff has suffered actual damages, both general and specific, as detailed below.

39. Plaintiff brings this action pursuant to Chapter 542 of the TEXAS INSURANCE CODE to recover actual damages, court costs, reasonable attorney's fees. *See* Tex. Ins. Code §542.060(a)-(b). Plaintiff also seeks to recover interest on Plaintiff's claim at a rate of eighteen percent (18%) per annum pursuant to Section 542.060(a) of the TEXAS INSURANCE CODE.

C. VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

40. The above paragraphs are incorporated herein by reference as if set forth in full.

41. Defendants' conduct and omissions as stated herein constitute violations of the Texas Deceptive Trade Practices Act, codified in Chapter 17 of the TEXAS BUSINESS & COMMERCE CODE.

42. Defendants violated the DTPA when they engaged in false, misleading, and/or deceptive acts and practices that Plaintiff relied upon to its detriment. Specifically, Defendants violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the TEXAS BUSINESS & COMMERCE CODE.

43. Plaintiff's relied upon Defendants' misrepresentations to its detriment, and Defendants' actions and omissions complained of herein caused Plaintiff to suffer damages.

44. Furthermore, Defendants are in violation of Section 17.50(a)(3) of the TEXAS BUSINESS & COMMERCE CODE for committing unconscionable acts and/or action that that took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to an unfair degree.

45. Defendants are in violation of Section 17.50(a)(4) of the Texas Business & Commerce Code for the use or employment by any person of an act or practice in violation of Chapter 541 of the TEXAS INSURANCE CODE.

46. To the extent applicable, Defendants are further in violation of the DTPA through the tie-in statutes found in Chapters 541 and 542 of the TEXAS INSURANCE CODE.

47. Defendants' actions were a producing cause of Plaintiff's damages. Furthermore, all of Defendants' actions or omissions were committed knowingly and/or intentionally, entitling Plaintiff to additional damages up to three times actual damages.

**D. BREACH OF CONTRACT**

48. The above paragraphs are incorporated herein by reference as if set forth in full.

49. Plaintiff and Defendants entered into a valid, enforceable insurance Agreement wherein Defendants, as insurer, would insure Plaintiff against certain losses as described therein.

50. Defendants breached the Agreement by failing to insure against losses Plaintiff sustained.

51. Accordingly, Plaintiff has suffered the damages outlined below as a direct result of Defendants' breach of the Agreement between the parties.

**E. FRAUDULENT MISREPRESENTATION/FRAUDULENT INDUCEMENT**

52. The above paragraphs are incorporated herein by reference as if set forth in full.

53. Defendants made various representations to Plaintiff as described above. Defendants knew these representations were false, or made them recklessly, without knowledge of the truth, as positive assertions.

54. Defendants intended Plaintiff to rely on these representations, to which Plaintiff did rely, to its detriment. Specifically, Plaintiff entered into the Policy, and then relied upon the coverage of the Policy to cover its losses that occurred as a result of the Incident on April 18, 2016.

55. As a result of the fraud perpetrated by Defendants, Plaintiff suffered the damages outlined below.

56. Furthermore, Plaintiff's injuries result from Defendants' malicious and intentional fraudulent actions, entitling Plaintiff to exemplary damages under Section 41.003(a) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

F. **BREACH OF FIDUCIARY DUTY**

57. Defendants' conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts

58. Defendants' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Defendants knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
### AGENCY

59. All acts by Defendants were done by their officers, agents, servants, employees, and/or representatives and were done with the full authorization or ratification of Defendants, and/or were done in the normal and routine course and scope of employment of Defendants.

60.     Furthermore, Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the TEXAS INSURANCE CODE, and each was a producing cause of Plaintiff's damages as described herein.

## VII.
### WAIVER AND ESTOPPEL

61.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.
### DAMAGES

62.     Defendants acts have been the producing and proximate cause of damages to Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

63.     Plaintiff pleads herein the recovery of general and specific damages, including, but not necessarily limited to any and all economic damages, incidental/consequential damages, loss of use of real and personal property, loss profits, actual and/or market value of TG's Cravings, costs in delay of performance, mitigation, damage to credit reputation, loss of financing, restitution, loss of goodwill, prejudgment and post judgment interest, and as detailed below, costs of court and attorneys' fees.

## IX.
### ATTORNEYS' FEES, INTEREST, AND COSTS OF COURT

64.     The above paragraphs are incorporated herein by reference as if set forth in full.

65.     As a result of Defendants' actions as stated and shown herein, Plaintiff has been required to retain the law firm of Patout & Shaw, PLLC, to prosecute the claims set forth herein and have and will incur reasonable and necessary attorneys' fees, expenses, and costs of court in pursuing these and potentially other claims. Plaintiff hereby seeks recovery of such attorneys'

fees, expenses, and costs of court from Defendants pursuant to Chapter 38 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Sections 17.50(c) & (d) of the TEXAS BUSINESS & COMMERCE CODE, Sections 541.152 and 542.061 of the TEXAS INSURANCE CODE, Rules 131 and 141 of the TEXAS RULES OF CIVIL PROCEDURE, and/or any other applicable statute or common law.

66. Attorneys' fees should be awarded for any and all services rendered up to and including trial, and any and all post-trial motions and appeals.

67. Plaintiff also seeks the recovery of all pre-judgment and post-judgment interest, as well as statutory interest at a rate of eighteen percent (18%) pursuant to Chapter 542 of the TEXAS INSURANCE CODE.

## X.
## CONDITIONS PRECEDENT

68. All conditions precedent have been performed, have occurred, or have been waived to entitle Plaintiff to recover the damages alleged herein.

## XI.
## RULE 193.7 NOTICE

69. Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives actual notice that any and/or all documents produced may be used against any and/or all parties producing the document at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

## XII.
## REQUEST FOR DISCLOSURES

70. Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby requests that Defendants disclose the information or material(s) described in Rule 192.4 within fifty (50) days from service of this request.

## XIII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Solaija Enterprises LLC d/b/a TG's Cravings, prays that Defendants, Guard Insurance Company and Ronnie Patel individually and d/b/a Insurance Solutions of America, be cited to appear and file an answer, further finding that Plaintiff recovers from Defendants for the following:

a. Actual damages as described herein and as proven at trial;

b. exemplary damages to the fullest extent allowed under Texas law;

c. pre and post-judgment interest;

d. costs of suit;

e. attorneys' fees for both the trial and appellate courts; and

f. such other and further relief to which Plaintiff may be justly entitled to at law or in equity.

Respectfully submitted,

PATOUT & SHAW, PLLC

/s/ Stephanie Do

**STEPHANIE DO**
Texas Bar No. 24092353
**JOHN J. PATOUT JR.**
Texas Bar No. 24079114
3701 Kirby Drive, Suite 740
Houston, Texas 77098
T: (713) 893-0564
F: (713) 893-0537
sdo@patoutshaw.com
jpatout@patoutshaw.com

ATTORNEYS FOR PLAINTIFF
SOLAIJA ENTERPRISES LLC D/B/A
TG'S CRAVINGS