IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOLAIJA ENTERPRISES LLC, § | | |
| d/b/a TG's Cravings, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-19-0929 |
| § | | |
| AMGUARD INSURANCE § | | |
| COMPANY, § | | |
|     Defendant. § | | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Remand ("Motion") [Doc. # 8] filed by Plaintiff Solaija Enterprises LLC, d/b/a TG's Cravings ("Solaija"), to which Defendant Amguard Insurance Company ("Amguard") filed a Response [Doc. # 11]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Remand.

## **I.   BACKGROUND**

In February 2016, Amguard issued an insurance policy (the "Policy") to Solaija, covering a restaurant Solaija was operating in Sugar Land, Texas. Plaintiff alleges that the Policy was sold to Solaija by Amguard's agent, Ronnie Patel.

On the morning of April 18, 2016, the building housing Plaintiff's restaurant suffered a major roofing failure, causing a portion of the roof to collapse into the

restaurant. Solaija filed a claim under the Policy with Amguard. When Amguard failed to pay the claim for Policy proceeds, Solaija filed a lawsuit in Fort Bend County, Texas, against Amguard and Patel on May 4, 2017. Solaija and Patel are citizens of Texas. Amguard is a foreign insurance company, but it maintains a registered agent in Texas for service of process.

Plaintiff dismissed its claims against Patel in late February 2019. Remaining Defendant Amguard filed a Notice of Removal on March 14, 2019. Plaintiff filed a Motion to Remand on April 15, 2019, arguing that the Notice of Removal was untimely.[1] The Motion to Remand has been briefed and is now ripe for decision.

## II. ANALYSIS

Where, as here, removal is based on diversity of citizenship, the case may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3; *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998); *Perez v. Lancer Ins. Co.*, 2006 WL 2850065 (S.D.

---

[1] A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days" after the notice of removal is filed. *See* 28 U.S.C. § 1447(c). Thirty days after March 14, 2019, was April 13, 2019, a Saturday. As a result, the Motion to Remand filed Monday, April 15, 2019, was timely. *See* FED. R. CIV. P. 6(a)(1)(C).

Tex. Oct. 4, 2006). Plaintiff filed the Original Petition in state court on May 4, 2017, more than one year before the Notice of Removal was filed. Plaintiff named both Amguard and Patel as Defendants in the lawsuit.

Section 1446(c)(1) contains an exception to the one-year removal requirement where the plaintiff "has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Amguard argues that Plaintiff acted in bad faith by failing to undertake significant activity in the lawsuit during the one-year period after the case was filed. The removing defendant has the burden of showing that the plaintiff acted in bad faith to prevent removal. *See Jones v. Ramos Trinidad*, __ F. Supp. 3d __, 2019 WL 2022534, *3 (E.D. La. May 8, 2019).

Section 1446(c)(1) essentially codified the equitable tolling principle previously recognized by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). *See Sampson v. Miss. Valley Silica Co.*, 268 F. Supp. 3d 918, 926 (S.D. Miss. 2017). In *Tedford*, the Fifth Circuit held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Tedford*, 327 F.3d at 428-29. Although the Fifth Circuit has not defined "bad faith" in the context of § 1446(c)(1), courts within the circuit have opined that the standard for showing bad faith is comparable to the

legal standard for establishing equitable tolling under *Tedford*. *See Jones*, 2019 WL 2022534, at *3 (and cases cited therein).

Amguard has failed to present evidence of bad faith. In June 2017, the month after the lawsuit was filed, the law firm that filed suit on behalf of Plaintiff was dissolved. Plaintiff retained counsel's new law firm to represent it in the state court lawsuit. Between June 2017 and October 2017, Plaintiff's counsel and Amguard's adjuster were corresponding about Plaintiff's claim. In August 2017, the business personal property portion of Plaintiff's claim was resolved and paid. Based on the ongoing, successful efforts by Plaintiff's counsel and Amguard's adjuster to resolve the dispute, Plaintiff did not immediately serve either of the two named Defendants.

By April 2018, Plaintiff believed that negotiations with Amguard, primarily through an Amguard accountant, regarding Plaintiff's claim for loss of business income were not making progress. Therefore, on April 13, 2018, Plaintiff obtained service on both Defendants. Included with the state court Petition were Requests for Disclosure for both Defendants.

The deadline for filing an answer to the Petition and for responding to the Requests for Disclosure expired. Plaintiff discovered through a check of the state court's website that Amguard and Patel had each filed an answer. Plaintiff's counsel had not received a copy of the filings, and he believed there may have been a problem

with email addresses caused by the change of law firms in June 2017. Additionally, although Amguard and Patel had filed responses to the Requests for Disclosure in June 2018, Plaintiff alleges that it failed to receive notification from the state court electronic filing system or from Amguard's attorney.

In early January 2019, Patel's counsel contacted Plaintiff's counsel to request and discuss dismissal of Patel from the lawsuit. Following these discussions, Plaintiff agreed to dismiss Patel voluntarily. The state court order dismissing Patel was entered February 21, 2019. At that time, there was complete diversity of citizenship between the remaining parties and the case became removable.

Amguard has failed to demonstrate that Plaintiff manipulated the state court lawsuit to prevent Amguard from exercising its right of removal. The lawsuit progressed very slowly in state court, initially because of successful negotiations between Plaintiff's counsel and Amguard's adjuster, and later because Plaintiff's counsel experienced difficulties obtaining Defendants' discovery responses.[2] Plaintiff eventually served Defendant Patel, and Patel filed an answer. Plaintiff requested and ultimately received initial discovery responses from Patel. Subsequently, after a portion of Plaintiff's claim had been paid and after discussions with Patel's attorney,

---

[2] The Court does not find that Amguard or its counsel were responsible for the difficulties obtaining discovery.

Plaintiff agreed to dismiss Patel from the state court lawsuit. At that time, the state court lawsuit had been pending for more than 21 months, well beyond the one-year limit for removal. This is not a case where a plaintiff names a non-diverse resident defendant, never serves that defendant, and dismisses that defendant as soon as the one-year limitation in § 1446(c) expires. Moreover, there is no evidence that Plaintiff would have dismissed Patel within one year of filing the lawsuit but for an intent to prevent Amguard from removing the case to federal court. Amguard has failed to establish the "bad faith" exception to the one-year requirement of § 1446(c)(1).

## III. CONCLUSION AND ORDER

The Notice of Removal was filed more than one year after the commencement of the lawsuit, and Amguard has failed to demonstrate that Plaintiff acted in bad faith in order to prevent timely removal. As a result, it is hereby

**ORDERED** that the Motion to Remand [Doc. # 8] is **GRANTED**. This case will be remanded to the 434th Judicial District Court of Fort Bend County, Texas, by separate Remand Order.

SIGNED at Houston, Texas, this **31st** day of **May, 2019**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE